People of the State of Illinois, Plaintiff-Appellee, v. Lee Andrew Gray (Impleaded), Defendant-Appellant.

Gen. No. 51,103.

First District, Fourth Division.

November 6, 1968.

Robert J. Breakstone, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago, for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

CRIME CHARGED: Murder.

JUDGMENT: On July 5, 1960, on a plea of guilty, the trial court imposed a sentence of 18 years.

PROCEEDINGS ON APPEAL: On June 21, 1965, this court gave the defendant leave to proceed as a poor person, appointed counsel to represent him on appeal, and extended the time for filing record, abstract and briefs. The record was filed in due course, together with a report of proceedings, the court having previously directed that it be prepared without cost to defendant.

On March 6, 1968, the attorney appointed to represent defendant filed a petition for leave to withdraw from the case on the ground that he was unable to find any legal points which were arguable on their merits. He also filed a brief in support of the petition, in which he sought to comply with the requirements of Anders v. California, 386 US 738. This brief set forth three points as the only

ones the defense counsel thought might arguably support the appeal:

1) The court did not properly admonish defendant as to the significance and consequences of changing his plea of not guilty to a plea of guilty;
2) The court committed prejudicial error in not granting defendant's motion to suppress certain evidence;
3) The court committed prejudicial error in not granting defendant's motion for a severance and for a separate trial.

On March 6, 1968, copies of his attorney's motion and brief were served by mail upon defendant in the penitentiary, and thereafter he was notified by this court that he might have until May 17, 1968, to raise any points he might choose in support of his appeal. The records of this court show that defendant filed a response to the notification, in which he set up nothing new, but made the statement that in his opinion his constitutional rights were violated.

OPINION.

■■■■ 1) On June 27, 1960, defendant filed a jury waiver, and on June 28 the defendant's then attorney moved the court to withdraw the plea of not guilty. The court properly advised defendant as to the effect of the granting of such motion. The defendant persisted in his motion and the court thereupon permitted defendant to enter a plea of guilty. It is the law that a plea of guilty can only be entered after the defendant has been advised by the court of his plea. (Ill Rev Stats 1961, c 38, § 732; c 110, § 101.26.) Noncompliance with the statute has been held to constitute reversible error. People v. Ross, 409 Ill 599, 100 NE2d 923.

In discussing a plea of guilty, in Krolage v. People, 224 Ill 456, 79 NE 570 the court said at page 459:

131

> "The plea can only be entered after the defendant has been fully advised by the court of his rights and the consequences of his plea. . . . The mere inquiry whether he understood that if he pleaded guilty the court would sentence him to the penitentiary, and his answering that he did so understand, was no explanation whatever on behalf of the court."

In the instant case, the record discloses that the trial judge discussed with the defendant the significance of the plea of guilty, and advised the defendant of the consequences of a guilty finding to a charge of murder. In People v. Scott, 55 Ill App2d 375, 204 NE2d 586 the court said at page 378:

> "The essentials of an admonishment have been complied with 'if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule.' "

The rule laid down in Scott was fully complied with in the instant case.

On July 5, 1960, the court again had the case before it, and by agreement between the State's Attorney, the defendant and his counsel, all the testimony was stipulated to, and on the defendant's plea of guilty, the court found him guilty of the crime of murder and sentenced him to imprisonment in the penitentiary for a term of 18 years.

2) At the arraignment the defendant was furnished a copy of a 5-page joint statement that he and a co-defendant had given to the police, and a copy of a 9-page statement which the defendant alone had given to the State's Attorney's office, together with a list of witnesses present when he made an oral confession. On March 24, 1960, the defendant filed with the court a motion "to suppress the evidence and testimony in the above entitled cause related to and in as well as certain alleged

confessions" stating that the confessions were not voluntarily made.

3) On March 24, 1960, the defendant also moved for a severance and a separate trial, alleging, among other things, that

> "the co-defendant has made certain incriminating statements and admissions, either orally or in writing, and to police officers of the City of Chicago, to the State's Attorney of the County of Cook, out of the presence of your Petitioner, in which said oral and/or written statements and admissions, he has incriminated and implicated your Petitioner in the crime charged in the above entitled indictment. . . . That the defense of your Petitioner is antagonistic to and inconsistent with the defense of the co-defendant."

This motion was continued from time to time until the defendant changed his plea from not guilty to guilty.

 Defendant's motion to suppress the evidence as well as certain alleged confessions, together with his motion for severance and separate trial, are waived by his pleading guilty. In People v. Milani, 34 Ill2d 524, at page 525, 216 NE2d 816, the court said:

> "A plea of guilty, voluntarily and understandingly entered, obviates the need to introduce evidence against an accused and waives all defects and errors not jurisdictional. (People v. Scott, 29 Ill2d 429; People v. Terry, 12 Ill2d 56.)"

In People v. Scott, 29 Ill2d 429, at 431, 194 NE2d 197, the court said:

> "It has been a common conclusion of this court that a plea of guilty, voluntarily and understandingly entered, waives all defects not jurisdictional, for the reason that the necessity to prove the factual

133

situation is removed by defendant's admission of guilt. (People v. Popescue, 345 Ill 142, 152; People v. Terry, 12 Ill2d 56; People v. Fisher, 21 Ill2d 142, 144.)"

Under the holdings in those cases, the judgment of the court in the instant case was proper.

■ In addition to studying the briefs filed by defendant and his attorney, we have made a full examination of all proceedings in accordance with the dictates of Anders, supra, and we conclude that the legal points raised are not "arguable on their merits," and that the appeal is "wholly frivolous." Defendant's attorney is therefore given leave to withdraw, and the judgment of conviction is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.