THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUDY D. J. BARRIOS, Defendant-Appellant.

(No. 71-50;

Second District—October 27, 1971.

E. Roger Horsky, of Defender Project, of Elgin, for appellant.

William R. Ketcham, State's Attorney, of Geneva, (W. Ben Morgan, Assistant State's Attorney, of Elgin, of counsel,) for appellee.

Mr. JUSTICE GUILD delivered the opinion of the Court:

The defendant Rudy D. J. Barrios entered a plea of guilty to the crime of indecent liberties with a twelve year old boy. He was represented by the Public Defender. Prior to the entry of his plea of guilty the defendant was properly admonished of his rights by the court. The defendant together with his counsel had entered into plea negotiations with the State's Attorney. The trial judge did not take part in the negotiations. In open court the plea negotiations were presented to the trial judge and after considerable discussion they were approved by the court and the defendant was sentenced under the agreed plea negotiation to 7-10 years in the Illinois State Penitentiary.

While the defendant has lived a considerable time in Guatemala, he is an American citizen and has had at least three years of college, apparently being bilingual. Prior to the entry of the plea of guilty the defendant was examined by Dr. Werner Tuteur, a psychiatrist associated with Elgin State Hospital, and by Dr. F. P. Johnson, Clinical Instructor of the Department of Psychiatry, Loyola University Strich School of Medicine. They found him to be a pedophiliac but otherwise mentally capable and intelligent.

The defendant was convicted in the State of Wisconsin for indecent liberties with a girl under thirteen years of age and sentenced to three

years in the Wisconsin State prison. In 1957 he was convicted of indecent liberties with a ten year old boy and sentenced to the Menard penitentiary where he served a period from 1957 to 1966. While this appeal was pending, the defendant's counsel, the "Illinois Defender Project," filed a motion stating that from a review of the record, it was found that the court personally and properly admonished the defendant of his rights before accepting the plea of guilty and that the plea was tendered and accepted in substantial compliance with Supreme Court rule 402. The Illinois Defender Project further found that the negotiated plea of guilty agreed upon a sentence of 7-10 years and was concurred in by the defendant. Counsel therefore moved the court for leave to withdraw as the appeal "would be unsuccessful, time consuming and wholly frivolous." A copy of the motion was mailed for the appointment of other counsel which was denied by this court. The remainder of said motion was also to "sustain the withdrawal of 'E. Roger Horsky'" (representing Illinois Defender Project).

This court has examined the record and transcript filed which discloses that neither defendant nor his counsel has presented any basis for reversal of the conviction herein based upon a voluntary negotiated plea.

This court has made a complete examination of the proceedings in accordance with the dictates of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, and the conclusion is that the possible legal points that might be raised are not "arguable on their merits" and that the appeal is "wholly frivolous." (*People v. Gray* 102 Ill.App.2d 129.) Defendant's attorney's motion to withdraw is granted; defendant's motion concurring therein is granted; and the judgment of conviction is affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.