THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM G. WEISSMAN, Defendant-Appellant.

(No. 71-165;

Second District—April 11, 1972.

Frank Wesolowski, Jr., Public Defender, of Wheaton, (Robert H. Heise, of counsel,) for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant William G. Weissman was charged by indictment of two counts of theft from Marshall Field & Company of a value less than $150 in each count. The defendant entered a plea of not guilty and on November 18, 1970, a jury was selected and the matter was continued to the morning of November 19th. Evidence was presented on behalf of the State and after the noon recess the defendant through his counsel, the Public Defender, moved to withdraw his plea of not guilty and entered a plea of guilty. The defendant was duly admonished of the consequence of his plea and the State's Attorney and counsel for the defendant advised the court that a negotiated plea had been entered into in which the State would recommend 3-5 years in the Illinois State penitentiary on Count I of the indictment. The defendant acknowledged this plea agreement and then waived a hearing in aggravation and mitigation, and in response to the court's question stated that he was asking for immediate sentencing. He was thereupon sentenced to 3-5 years in the State penitentiary. He had previously been convicted for theft. Counsel for the defendant has filed a motion for leave to withdraw stating that in his opinion the appeal herein is frivolous and without merit.

The court has examined the record filed which discloses that neither defendant nor his counsel has presented any basis for reversal of the conviction herein based upon a voluntary negotiated plea.

This court has made a complete examination of the proceedings in accordance with the dictates of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, and the conclusion is that the possible legal points that might be raised are not "arguable on their merits" and that the appeal is "wholly frivolous." (*People v. Gray* (1968), 102 Ill.App.2d 129, 243 N.E.2d 545.) Defendant's attorney's motion to withdraw is granted; defendant's motion concurring therein is granted; and the judgment of conviction is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and MORAN, J., concur.