THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARIO JAMES INGENERI, Defendant-Appellant.

(No. 71-339;

Fifth District—October 16, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

Kenneth Powless, State's Attorney, of Marion, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant pled guilty to the crime of armed robbery in the Circuit Court of Williamson County in violation of Ill. Rev. Stat. 1969, ch. 38, par. 18—2, and was sentenced to a term of not less than five years nor more than 12 years in the Illinois State Penitentiary.

He contends in this appeal that the trial court failed to comply with Supreme Court Rule 402(a)(1) and (2), which provided:

> "The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) The nature of the charge:

(2) The minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentence."

Defendant argues that although the trial court read to him in open court the language contained on the information filed against defendant, it made no effort to determine if defendant understood the nature of what had allegedly been read to him.

■■ Rule 402(a)(1) requires the trial court to do more than just inform the defendant of the charge; it also requires the trial court to inform the defendant of the "nature" of the charge. Since a guilty plea is an "admission of all the *elements* of a formal criminal charge" and "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts," *McCarthy v. United States*, 394 U.S. 459, we believe the trial court must inform the defendant of the essential elements of the crime of which he is charged. In some cases this can be done by a reading of the indictment to the defendant. But it should be pointed out that merely furnishing a copy of the indictment to the defendant would not be sufficient because Rule 402(a) specifically requires the trial court to address the defendant personally in open court. Many times the indictment is couched in technical legal language and when that is the case, we will not *assume* that the defendant understands this language. Here, however, there was sufficient, clear description in the charge and the use of simple, everyday words such as "threatening * * * use of force * * * armed with * * * an automatic weapon * * * take * * * property * * * a Smith & Wesson revolver, from Frank E. Taylor * * *." With this information any reasonable man would understand the nature of the charge.

Defendant further argues that the trial court failed to assure itself that the defendant knew and understood the minimum and maximum sentence which the court may impose upon the acceptance of defendant's plea.

The only mention of the possible sentence that appears in the record is the following:

"The Court: You understand then that the possible penalty could be from 2 years to an indefinite term of time?

Defendant: Yes.

The Court: Knowing all of this, do you still want to enter a plea of guilty?

Defendant: Yes."

The court in *People v. Helvie*, 1 Ill.App.3d 887, 275 N.E.2d 285, was

confronted with a similar situation. In that case the defendant argued that the trial court's admonition that the sentence which might be imposed could be "for not less than one year and may be for an indeterminate number of years" did not constitute substantial compliance with Rule 402 and we agreed. The difference here lies only in that between "indeterminate" and "indefinite", and we do not believe any possible improvement in elucidation thereby is measurable so that one may be accepted and the other rejected.

■■ We cannot feel assured that defendant in this case understood that he could be sentenced for "any number of years" and there being such a vast difference between the minimum stated and the potential maximum that it is a matter of great import.

For the foregoing reasons we reverse defendant's conviction and remand this case to the Circuit Court of Williamson County with directions that defendant be permitted to plead anew if he so desires.

Reversed and remanded with instructions.

EBERSPACHER and CREBS, JJ., concur.