THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH SCHYSKA, Defendant-Appellant.

(No. 72-102;

Third District—October 12, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant appeals from a judgment of the Circuit Court of Rock Island County finding the defendant guilty of the offense of burglary based upon an information filed against defendant, pursuant to which defendant was sentenced to a term of not less than one (1) year nor more than six (6) years in the Illinois State Penitentiary. The record shows that defendant pleaded guilty to an information charging burglary.

On appeal now in this Court, defendant contends that the court failed to advise defendant of the minimum and maximum sentences prescribed by law for the offense before accepting defendant's waiver of indictment in violation of Supreme Court Rule 401 (Ill. Rev. Stat. 1971, ch. 110A, par. 401). Defendant also contends that the court failed to advise defendant of his right to plead not guilty and failed to ascertain that defendant's plea of guilty was voluntary as required by Supreme Court Rule 402.

■■ It is noted particularly that under Rule 401, a judge is required to advise defendant of the minimum and maximum sentences prescribed by law before accepting a waiver of indictment. The parties agree that no such information was given to defendant as to the maximum and mini-

mum sentences prior to waiver of indictment and defendant, therefore, contends that there was no valid waiver of indictment. It is noted that in this case, shortly after the indictment had been waived and prior to the acceptance of a plea of guilty, the court did advise defendant of the minimum and maximum possible sentences which could be imposed in the case. The issue in this case, therefore, is whether the admonition and advice given following waiver of indictment and as a preliminary to the acceptance of a plea of guilty to the information was an adequate compliance with Rule 401. While we might be inclined to feel that there has been practical and realistic compliance with the Rule where a plea of guilty, following a plea bargaining arrangement, is entered, we do not believe that we may properly find compliance where a waiver of indictment is involved in view of the nature of the provisions of Rules 401 and 402.

It is noted that in Rule 401, in a provision relating to waiver of counsel, the trial court is required to advise a defendant of (1) the nature of the charge; (2) the minimum and maximum sentence prescribed by law; and (3) that defendant has a right to counsel and if indigent, to have counsel appointed for him by the court. Thereafter, in conjunction with the provisions relating to waiver of indictment, it is expressly provided that the court "shall not permit a waiver of indictment by a person accused * * * unless he is represented by counsel or has waived counsel * * * unless the court by addressing defendant personally in open court has informed him of and determines that he understands * * * (1) the nature of the charge; (2) the minimum and maximum sentence prescribed by law * * * and (3) that he can be prosecuted for the offense only after indictment by a grand jury unless he waives indictment." Still later, in Rule 402, it is expressly provided that the court should not accept the plea of guilty without first informing defendant of the nature of the charge, the minimum and maximum sentences prescribed by law, and that defendant has a right to plead not guilty and that if he pleads guilty there would not be a trial, etc.

■■■ It is noted that in each of the successive steps, a defendant is required basically to be advised of the nature of the charge and the minimum and maximum sentences prescribed by law which could be imposed. Certainly, if he has once been advised of the nature of the charge and the minimum and maximum sentences prescribed by law, such advice would carry over and apply in successive procedures such as waiver of indictment and plea of guilty. We divine from the nature of the rules as set forth that advice to defendant by the court of the nature of the charge and the minimum and maximum sentences prescribed by law is a basic requirement as a preliminary to the acceptance of a waiver

of an indictment by the defendant. This would obviously be so if there is no plea of guilty and defendant goes to trial either before a jury or before the court.

■■ As a consequence, because of the nature of the Rules, even though we may be privately persuaded that the defendant knows very clearly of the minimum and maximum sentences, and could, if he chose, withdraw the waiver of indictment, we believe we are not privileged to disregard the specific injunction that the court shall not permit a waiver of indictment by a defendant unless the court has informed defendant of the minimum and maximum sentences prescribed by law.

■■ In view of our disposition of this cause it will not be necessary for us to rule on the remaining contentions of defendant relating to failure to comply with certain provisions of Rule 402. There is no probability of any deficiency in such advice upon remandment.

This cause will, therefore, be reversed and remanded to the Circuit Court of Rock Island County with directions to such court to vacate the sentence heretofore imposed and to permit defendant to withdraw his plea of guilty as well as his waiver of indictment if he chooses so to do, and that the trial court shall thereafter proceed to advise defendant in accordance with Rules 401 and 402 if there are to be further proceedings by waiver of indictment or a plea of guilty. This cause is, therefore, reversed and remanded with directions to proceed in accordance with this opinion.

Reversed and remanded with directions.

STOUDER and DIXON, JJ., concur.