THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD WITHERSPOON, Defendant-Appellant.

(No. 72-347; ▉▉▉▉▉▉

Fifth District—February 19, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (J. Earl Crisel, Assistant Appellate Defender, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

On April 19, 1972, three indictments were returned against the defendant. Indictment No. 72-673 charged the defendant with two counts of aggravated kidnapping and two counts of armed robbery. No. 72-674 charged the defendant with four counts of armed robbery, and No. 72-675 contained one count of armed robbery. After originally pleading not guilty, the defendant pleaded guilty to all nine counts and, pursuant to a plea agreement, was sentenced to eight to fifteen years in the penitentiary for each count with nine sentences to run concurrently.

The defendant first contends that the trial court did not comply with Supreme Court Rule 402(a)(1) which requires the trial court to determine that the defendant understands the nature of the charges. The defendant was given a copy of the three indictments at his arraignment on April 26, 1972. He was represented by counsel at that time. At the guilty plea proceedings the court informed the defendant of the name of the offense alleged in each count but did nothing to explain the nature of those offenses, nor did it read or explain the indictments to defendant.

On July 5, 1972, the case involving Indictment No. 72-673 was set for trial before a jury. Prior to the selection of the jury, defendant's attorney filed a motion to suppress a confession given by the defendant. An extensive hearing was held on this motion and after that hearing the trial judge overruled the motion. In the statement defendant described how he and another male person abducted two girls who were getting into

their car located at a parking lot in East St. Louis, Illinois. They ordered the girls into the back seat of the girls' car at gunpoint. They robbed the girls at that time and then drove them to a motel in Alorton, where they rented two separate rooms. They each took a girl to a separate room. Defendant said he then tied the girl he took to the room with him with bed sheets. His companion did the same with the other girl. Certain reprehensible acts took place, the facts of which are not necessary to this opinion. The trial court then overruled the motion to suppress. The defendant's attorney then negotiated an agreement with the state's attorney where the defendant would plead guilty to all of the charges and receive a minimum of eight and a maximum of 15 years in the Illinois State Penitentiary, with all sentences to be served concurrently. The defendant rejected this proposal and a jury was selected to try the case. The next morning the following transpired:

"THE COURT: You may proceed, gentlemen.

MR. CONSTANCE: Your Honor, we are here this morning to resume trial in 72-673, and the State's Attorney has produced Miss ———— and Mrs. ———— to me, who I have spoken with in the State's Attorney's office this morning. I have relayed this information to my client, and the State's Attorney indicated that the offer that was made yesterday of not less than eight or more than fifteen years was still available before the two young ladies took the witness stand. I have consulted with my client and his mother, who is here again today, and he has indicated that he would like to withdraw his plea of not guilty and plead guilty. This is a negotiated plea in 72-673, 674, and 675; 674 and 675 are armed robberies; this is an aggravated kidnapping.

THE COURT: Numbers 673, 4 and 5.

MR. CONSTANCE: The last two are armed robberies and the first is aggravated kidnapping, the present case. The Court should also be advised that the armed robbery is before the cut-off date; this is two to five; the others are five to life; first is two to life—

THE COURT: We will take 673 first: Ronald Witherspoon, is it true that you desire to withdraw your plea of not guilty to the counts of the indictment in Case 72-673 and plead guilty to each of these counts?

THE DEFENDANT: Yes, sir.

THE COURT: Count I being the charge of Aggravated Kidnapping; 2 being the charge of Aggravated Kidnapping; 3 being the charge of armed robbery, and 4 being the charge of armed robbery. How old are you?

THE DEFENDANT: Twenty-two."

The trial judge then proceeded to admonish the defendant as required by Supreme Court Rule 402 except that he did not address the defendant personally and inform him of the nature of the charge as required by Supreme Court Rule 402(a)(1). However, the following occurred when the trial court elicited a factual basis for the plea:

"THE COURT: What is the factual situation here, Mr. Stegmeyer?

MR. STEGMEYER: Your Honor, the facts are that on the 22nd of December, 1970, Ronald, along with another man named Ellington, as the indictment indicates, that pled—Mr. Witherspoon along with a man named Ellington—

THE COURT: Let's take it by counts.

MR. STEGMEYER: Count I for Aggravated Kidnapping; the defendant approached ——————— and another woman named ——————— in a parking lot on Missouri Avenue. They had pistols and they demanded money from the girls. They obtained the money as well as the jewelry and they placed the girls in the back seat of one of the girls' cars, and they drove around the City of East St. Louis, and finally arrived at a motel in Alorton, the Princess Motel, at which time they forced the girls into separate rooms at the Princess Motel; they stayed for some short period of time, and the defendant Mr. Witherspoon and the other defendant Ellington left in the girls' car, and then proceeded back into East St. Louis. The girls were tied up in the motel room; they untied themselves and advised the police or the motel owner, who called the police, and the police came out, and the girls were taken back to their parents.

The police report was made some two years later. Mr. Witherspoon was apprehended after being taken into custody; he gave a full confession. We would like to mark—it has been already marked as People's Exhibit 1—I am going to offer that confession into evidence for your consideration as part of this negotiated plea, which contains the factual statement of Mr. Witherspoon and his implication in the crime.

MR. CONSTANCE: Your Honor, there is one other thing you should be aware of; as you know, the co-defendant, Mr. Darius Ellington, was sentenced to the penitentiary by this Court for a term of not less than ten or more than twenty-five years, and the reason for the lesser sentence of my client is that Mr. Ellington was charged with the act of devious sexual conduct upon ———; my client had nothing to do with any sexual acts committed against these young ladies; that is the reason for the lesser term.

THE COURT: I see. Now, let use take Count 2. Count I deals with —————; Count 2 deals with —————.

MR. STEGMEYER: The facts on this count are the same.

THE COURT: Now, count 3 armed robbery of —————.

MR. STEGMEYER: That took place at gun point, both Mr. Witherspoon and the other defendant, Mr. Ellington, who had pistols, that they took jewelry and money and other items from Miss ————— at the parking lot in Missouri Avenue, St. Clair County, East St. Louis, and same with regard to the other girl.

THE COURT: That is stated in Count 4.

MR. STEGMEYER: Right.

THE COURT: Mr. Constance, is that the factual situation as you understand it?

MR. CONSTANCE: Yes. There is one important aspect to this; Mr. Darius Ellington, your Honor, took some credit cards from both of these young ladies; this is how he was apprehended. My client didn't take any of the credit cards here, it is my understanding, or license of Miss —————, when I spoke with her—that her personal papers were taken along with various credit cards.

THE COURT: Now, as Mr. Stegmeyer has stated the facts this far, is that correct; is that substantially true?

THE DEFENDANT: Yes.

THE COURT: You are in fact guilty?

THE DEFENDANT: Yes."

In *People v. Krouse*, 7 Ill.App.3d 754, 288 N.E.2d 543, this court said at 756:

"We do not want to contribute to confusion over distinctions between Rule 402(a)(1) and 402(c), but in this case when the trial court apparently was attempting to determine a factual basis for the plea by requiring the state's attorney to state the facts upon which the complaint was predicated, it also elicited a reasonably clear and hard-to-misunderstand restatement of the nature of the charge. The state's attorney stated, briefly, but adequately, 'Your Honor, this defendant in the company of two other individuals did enter without authority business establishments, two of them, in the Village of Morrisonville and from the establishment DRL Supply Company owned by J. R. White and obtained control over property in this business and did steal and carry away quantities of merchandise from this store in excess of the value of $150.00.' The court then asked the defendant, 'Mr. Krouse, you have heard the statement made by the state's attorney. Is that

substantially true as stated by him?' and Krouse answered, 'Yes, sir.' This is substantial compliance."

■■ In the present case the record reflects that after the State's Attorney had supplied the factual basis for the plea, the trial court addressed the defendant's attorney and asked him if that was the factual situation as he understood it. The trial court then addressed the defendant personally and asked him if the State's Attorney had correctly stated the facts. The defendant stated yes. The trial court then asked the defendant personally if he were in fact guilty and the defendant answered yes. In our opinion under the rationale of *Krouse*, this was substantially compliance with Rule 402(a)(1).

We distinguish this case from that of *People v. Billops*, 16 Ill.App.3d 892. In the present case the trial court addressed the defendant personally after the recital of the facts of the crime by the State's Attorney, while in *Billops* the trial court did not.

The other indictments the defendant pleaded guilty to involved armed robberies. Again the trial court failed to specifically inform the defendant of the nature of the charge, but the State's Attorney in establishing a factual basis for the plea clearly enunciated a clear and hard-to-misunderstand restatement of the nature of the charges. The trial court again addressed the defendant personally and asked him if the recited were true and the defendant answered yes.

■■ The defendant also maintains that the trial court failed to correctly explain the possible minimum and maximum penalties for each offense as required by Rule 402(a)(2). The court informed the defendant that the possible sentence for each count of aggravated kidnapping was a minimum of one year and a maximum of "as many years as the court may see fit to impose upon you." The possible maximum sentence was correctly stated, but the minimum sentence was actually two years. (Ill. Rev .Stat. 1971, ch. 38, sec. 10—2.) Since this was an understatement rather than an overstatement of the minimum sentence, the error was harmless. It has been held that if the possible maximum penalty is correctly stated, the defendant is not prejudiced by an understatement of the minimum sentence. *People v. Brooks* (1972), 4 Ill.App.3d 835, 282 N.E.2d 187; *People v. Carter* (1969), 107 Ill.App.2d 474, 246 N.E.2d 320.

■■ The defendant finally contends that the sentences imposed do not comply with the sentencing standards of the Unified Code of Corrections. The offenses of armed robbery and aggravated kidnapping (not for ransom) are Class 1 felonies. Ill. Rev. Stat., ch. 38, sec. 1005—8—1(c)(2) provides:

"[F]or a Class 1 felony, the minimum term shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term    *    *    *."

The defendant asserts that, since the court did not consider the history and character of the defendant, any minimum sentence greater than four years is excessive. Considering the nature and circumstances of the offenses defendant committed, we find this contention to be without merit.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

CREBS and CARTER, JJ., concur.