THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANNA MARIE JOHNSON, a/k/a ANNA MARIE SUGGS, Defendant-Appellant.

(No. 73-75;

Fifth District—May 8, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Michael J. Rosborough, Assistant Appellate Defender, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville (Richard A. Aguirre, Assistant State's Attorney, of counsel), for the People.

434

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a judgment entered by the circuit court of St. Clair County against the defendant, Anna Marie Johnson, on her plea of guilty on indictment for theft over $150. After hearings on her petition for probation and sentencing were held, the defendant was denied probation and sentenced to serve from 3 years 4 months to 10 years.

The defendant contends that the trial court failed to comply with Supreme Court Rule 402, in that (1) she was not properly admonished as to the nature of the charge; (2) the trial court failed to confirm the terms of plea agreement by questioning the defendant personally in open court and did not determine if any force or threats or any other promises were used to obtain the plea; and (3) the trial court failed to determine that the defendant knew and understood that her guilty plea resulted in a waiver of a trial by jury. Next, the defendant contends that the State reneged on its promise to stand mute on the penalty to be imposed. Finally, the defendant asserts that the trial court erred in sentencing the defendant to the penitentiary.

The record reveals that the trial judge did not determine that the defendant understood the nature of the charge as required by Rule 402(a)(1). The defendant had been given a copy of the indictment at her arraignment and was informed that she was charged "with Theft * * *". At the plea proceedings, 11 days later, the court mentioned that the charge was "Theft"; the State's Attorney added, "Theft over one hundred and fifty dollars." The only other inquiry related to the nature of the charge was that elicited in the factual basis inquiry:

> "State's Attorney: Your Honor, the State would be prepared to prove that Anna Marie Johnson was employed by the United Fund for approximately seven years; she worked in the office and handled various and pertinent duties, including the handling of collection pledges and funds. There were several different types of accounts in this bank and over the course of approximately three years Mrs. Johnson managed to divert money from the accounts belonging to the United Fund, to her own personal use, amounts totaling over—: somewhat over $34,000.
>
> We have witnesses to show how the various monies were diverted; an audit was made by the bank, and we will be prepared naturally to show almost to the exact dollar, the amount of money taken from the United Fund."

As we stated in *People v. Ingeneri*, 7 Ill.App.3d 809, 288 N.E.2d 550, and reiterated in *People v. Lampe*, 16 Ill.App.3d 975, 307 N.E.2d 176, the trial court must do more than merely inform the defendant of the charge; the court must also inform the defendant of the essential elements of the

crime charged. It was also stated in the preceding cases, that merely furnishing a copy of the indictment to the defendant would not be sufficient because Rule 402(a) specifically required the trial court to address the defendant personally in open court. In the instant case the trial judge did not read the indictment or the relevant section of the Criminal Code to the defendant or in any other way attempt to inform the defendant of the essential elements of the crime of theft over $150. Furthermore, there was no admonition of, or inquiry into defendant's understanding of, the elements of the charge.

The trial judge also failed to comply with Rule 402(b) which requires the court to determine whether any force, threats or promises, apart from the plea agreement, were used to obtain the plea. In the instant case the trial court made no inquiries concerning the use of force, threats or promises.

For the failure of the trial court to substantially comply with the requirements of Supreme Court Rule 402 the judgment of the circuit court of St. Clair County is reversed and this cause is remanded with directions that the defendant be permitted to plead anew. In view of this conclusion it is not necessary for us to reach defendant's other contentions.

Reversed and remanded with directions.

G. MORAN, P. J., and CREBS, J., concur.