THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL RODDY, Defendant-Appellant.

(No. 73-79; )

Fifth District—May 17, 1974.

Robert E. Farrell and Timothy F. Flynn, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Donald J. Dahlmann, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a judgment entered by the circuit court of St. Clair County against the defendant, Michael Roddy, on his plea of guilty on an indictment for burglary. After a combined hearing on probation and sentencing was held, the defendant was denied probation and sentenced to not less than 5 years and not more than 15 years in the penitentiary.

The defendant contends: first, that the trial court failed to substantially comply with the requirements of Supreme Court Rule 402 because it failed to admonish the defendant concerning the nature of the charge; secondly, that the trial court failed to substantially comply with Supreme Court Rule 402 because it did not, by addressing the defendant personally in open court, inform the defendant of his right, or determine that the defendant understood his right, to plead not guilty or to persist in such a plea; and lastly, that the sentence imposed was excessive.

We shall first consider the contention that the trial court failed to inform the defendant of the nature of the charges as required by section (a)(1) of Supreme Court Rule 402. In the instant case the defendant was given a copy of the indictment at his arraignment. Approximately 8 weeks later the defendant entered a plea of guilty. Although the trial

judge referred to the alleged offense by name he made no attempt to explain the nature of the offense, to read the indictment or the relevant section of the Crimial Code or even to ask the defendant if he understood the charge. The record does, however, contain a recitation of facts made by the prosecuting attorney to the trial judge whereby a factual basis for the plea was determined.

The State argues that the defendant fully understood the nature of the charge because he, the defendant, had previously been furnished with a copy of the indictment and, in addition, he had been present and he had heard the prosecuting attorney recite the facts upon which the charge was based. A similar argument was advanced in *People v. Billops,* 16 Ill.App.3d 892, 307 N.E.2d 206, wherein this court held, under a similar set of facts, that the failure of the trial court "to address the defendant personally, informing him of and determining that he understood the nature of the charge, constitutes a substantial deficiency in complying with the rule and is reversible error."

We are, of course, well aware of our holding in *People v. Witherspoon,* 17 Ill.App.3d 842, 308 N.E.2d 844, which the State cites for the proposition that a reasonably clear and hard-to-misunderstand statement of the facts of the offense, which is acknowledged by the defendant as accurate, will provide substantial compliance with Supreme Court 402(a)(1). In *Witherspoon* we reiterated our position in *Billops* by distinguishing the two cases as follows: "In the present case [*Witherspoon*] the trial court addressed the defendant personally after the recital of the facts of the crime by the state's attorney, while in *Billops* the trial court did not." (*People v. Witherspoon,* 17 Ill.App.3d 842, 847, 308 N.E.2d 844, 847.) In the instant case the trial court did not personally address the *defendant* with respect to the accuracy of the facts as recited by the prosecuting attorney.

Without such a personal acknowledgment by the defendant, there is no reason for not adhering to our interpretation of Supreme Court Rule 402(a)(1) as set forth in *Billops.* Accordingly, we find that the trial court failed to substantially comply with the requirements of Supreme Court Rule 402(a)(1); the judgment of the circuit court of St. Clair County is reversed and this cause is remanded with directions that the defendant be permitted to plead anew. In view of this conclusion it is not necessary for us to reach the defendant's other contentions.

Reversed and remanded with directions.

G. MORAN, P. J., and CREBS, J., concur.