THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OSCAR CASLEY, Defendant-Appellant.

(No. 73-220;

Third District—June 26, 1974.

Robert Agostinelli, of the State Appellate Defender's Office, of Ottawa, for appellant.

Max B. Stewart, State's Attorney, of Carthage, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant, Oscar Casley, appeals from a judgment of the Circuit Court of Hancock County, finding defendant guilty of the offense of forgery based on an information, pursuant to which defendant was sentenced to a term of not less than 1 year nor more than 3 years in the Illinois State Penitentiary. Defendant pleaded guilty to the information charging forgery.

On appeal in this court, defendant contends that the court failed to advise him of the nature of the charge and of the minimum and maximum sentences prescribed by law for the offense before accepting defendant's waiver of indictment. It is contended that there was a failure of compliance with Supreme Court Rule 401 (Ill. Rev. Stat. 1971, ch. 110A, § 401). Defendant also contends that the court failed to comply with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, § 402) by reason of the fact that the court never established the existence of a plea agreement prior to defendant's plea of guilty.

While the record shows that in the cause before us defendant was advised by the court that he had a right to an indictment by the grand jury, the court did not, prior to the waiver of indictment by defendant, advise him either of the nature of the charge or the minimum or maximum sentence prescribed by law for the offense of forgery.

We considered a case which was similar in many respects to the instant case in *People v. Schyska*, 14 Ill.App.3d 557, 302 N.E.2d 666, in which we dealt with Rule 401 referred to. We pointed out that, in Rule 401, it is expressly provided that the court should not permit a waiver of indictment unless the court, "by addressing defendant personally in open court" has informed him of and determines that he understands (1) the nature of the charge; (2) the minimum and maximum sentence prescribed by law; and (3) that he can be prosecuted for the offense only after indictment by a grand jury unless he waives indictment. We pointed out in the *Schyska* case that, from the nature of the rules set forth, advice to the defendant by the trial court of the nature of the charge and the minimum and maximum sentences prescribed by law is a basic requirement as a preliminary to acceptance of waiver of indictment by the defendant. We also pointed out in such case that if a defendant has once been advised of the nature of the charge and the minimum and maximum sentences prescribed by law, such advice could

carry over and could apply in successive procedures such as waiver of indictment and plea of guilty. In view of the record in this case, which shows that defendant was not advised of the nature of the charge and the minimum and maximum sentences prescribed by law prior to the waiver of indictment, this cause is required to be reversed and remanded to the trial court.

In view of our disposition of this cause it is unnecessary for us to rule on the remaining contention of defendant (with respect to the recognition of the plea agreement) as a failure to comply with certain provisions of Rule 402. In the event of a plea of guilty, it is improbable that such deficiency would be repeated upon remandment.

This cause is, therefore, reversed and remanded to the Circuit Court of Hancock County with directions to such court to vacate the sentence heretofore imposed and to permit defendant to withdraw his plea of guilty as well as his waiver of indictment, if he chooses so to do, and that the trial court shall thereafter proceed to advise defendant in accordance with Rules 401 and 402, if there are to be further proceedings by waiver of indictment or plea of guilty in this cause. This cause is, therefore, reversed and remanded with directions to proceed in accordance with the views expressed in this opinion.

Reversed and remanded with directions.

STOUDER and DIXON, JJ., concur.