THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD ALEXANDER, Defendant-Appellant.

(No. 74-34;

Third District—November 21, 1974.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Henry D. Sintzenich, State's Attorney, of Macomb, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant, Edward Alexander, appeals to this court from a conviction of robbery for which he was sentenced to a term of not less than 3 nor more than 9 years in the Illinois State Penitentiary following a plea of guilty by defendant. On appeal in this court, the defendant contends that his waiver of counsel and waiver of indictment are both invalid because defendant was not admonished of the nature of the charge prior to the waiver, and also, that defendant had a right to counsel at the sentencing hearing; that a waiver at the arraignment does not continue through the subsequent sentencing procedures.

Defendant was charged on November 13, 1973, with the offense of robbery. A copy of an information making such charge was furnished to defendant. At the arraignment held on the same day, the court simply advised defendant that the charge was "robbery". Nothing further was stated as to the nature of the charge. (See *People v. Clark*, 21 Ill.App.3d 316.) The court outlined the minimum and maximum sentences, and also advised defendant of his right to counsel and explained the right to and nature of a grand jury indictment. Thereafter, defendant waived appointment of counsel and waived indictment. Following the waiver of counsel and waiver of indictment, the prosecutor then explained the nature of the charge of robbery and the factual basis relating to the defendant. Defendant thereafter pleaded guilty. Defendant, on January 3, 1974, appeared, without assistance of counsel again at the sentencing hearing. Admonitions as to right to counsel, which were made at the arraignment, were not repeated at the sentencing hearing. While the court did not expressly concern itself with the right to counsel at that stage of the proceeding, according to the brief of appellee, the court did inquire as to the willingness of the appellant to proceed as well as affirm the previous plea of guilty. Defendant stated that he was prepared to proceed.

■■ The first issue raised by appellant is that the plea of guilty must be reversed and remanded because defendant's waiver of indictment and waiver of counsel were improper in that the court failed to meet the re-

quirements of Supreme Court Rule 401 (Ill. Rev. Stat. 1973, ch. 110A, par. 401). The provisions of Rule 401 require that, prior to the acceptance of the waivers, the court "by addressing defendant personally in open court" inform him of, and determine that he understands, among other things; the nature of the charge against him. There was no explanation of the nature of the charge in the instant case, so far as we could determine, prior to waiver of indictment. As we have indicated previously in *People v. Schyska*, 14 Ill.App.3d 557, 302 N.E.2d 666, and *People v. Casley*, 20 Ill.App.3d 1001, 313 N.E.2d 477, normally, where defendant is not advised of the nature of the charge, before waiver of indictment, defendant is entitled to withdraw his plea of guilty. While we feel that as to admonitions generally under Supreme Court Rules 401 and 402, the admonitions at any time during the course of proceedings should constitute a substantial compliance, the provisions of Rule 401 which require that the nature of the charge be explained by the trial court, before acceptance of a waiver of indictment, appears to be peculiarly appropriate in this case where defendant had no attorney at any time during the proceedings. Therefore, in accordance with Supreme Court Rule 401, we conclude that there has not been adequate compliance with said Supreme Court Rule since advice by the court to defendant as to the nature of the charge is a necessary precedent to a proper waiver of indictment.

In view of our disposition of this case, it is unnecessary that we discuss the issue involving the right to counsel at the sentencing hearing. This cause will be reversed and remanded to the Circuit Court of McDonough County with directions to such court to vacate the sentence heretofore imposed and permit the defendant to withdraw his plea of guilty, as well as his waiver of indictment, if he chooses so to do. The trial court may thereafter proceed to advise defendant in accordance with Rules 401 and 402, if there are to be any further procedings by waiver of indictment or plea of guilty.

This cause is, therefore, reversed and remanded with directions to proceed in accordance with the views expressed in this opinion.

Reversed and remanded with directions.

SCOTT, P. J., and DIXON, J., concur.