THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE McKAY, Defendant-Appellant.

(No. 74-39;

Fifth District—November 27, 1974.

*Rehearing denied January 16, 1975.*

Robert E. Farrell, of Mt. Vernon, and James R. Streicker, of Chicago, both of State Appellate Defender's Office, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant, George McKay, was charged by indictment with burglary. He entered a plea of guilty and was sentenced to not less than 1 nor more than 3 years in the penitentiary.

On June 7, 1973, the grand jury of St. Clair County returned an indictment charging the defendant and two other men with burglary. On arraignment the defendant pled not guilty. Later as a result of plea negotiations he pled guilty. In return for the guilty plea the State promised to recommend probation, saying that the defendant did not have a previous felony record. The judge addressed the defendant personally, determining that he could read and write and that he had read the indictment. The minimum and maximum sentences were explained as were the rights to plead not guilty, to have a jury trial, and to confront witnesses. The State's Attorney provided the factual basis for the plea. The court determined that no force or threat had been made to obtain the plea. When the defendant appeared for sentencing, it was disclosed that he had a previous felony conviction for which he had been placed on probation. Considering this and a previous juvenile record, the court sentenced the defendant to 1 to 3 years instead of giving him probation.

Appellant contends that the trial court failed to inform him of the nature of the charge as is required by Supreme Court Rule 402(a)(1).

This well-quoted rule states that:

> "In hearings on pleas of guilty, there must be substantial compliance with the following:
>
> (a) *Admonitions to Defendant.* The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> (1) the nature of the charge; * * *"

The record discloses that this requirement was discharged in the following manner:

> "THE COURT: Can you read and write?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Have you read the indictment that charges you with the offense of burglary?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: What did you do? Would you tell me in your own words your understanding of the charge of burglary?
>
> DEFENDANT: I just went in the house.
>
> THE COURT: Somebody else's house?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Did you have permission to go into it?
>
> DEFENDANT: No, sir."

As pointed out in this appeal, the element of intent, an essential part of the crime of burglary, was not mentioned to the accused. Again, after the State's Attorney had supplied the factual basis for the plea, the court did not address the appellant and ask him if these facts were true but instead questioned the appellant's attorney who replied, "Nothing to add."

The State argues that, when the entire record in the case is considered, it becomes clear that the requirements for substantial compliance with Rule 402(a)(1) were met. We do not agree.

The appellant was not asked if the statement of the factual basis for the plea was true. He was not asked if he understood the indictment which he said he had read. The elements of the offense of burglary, particularly the intent element, were not explained to him.

The facts in this case are virtually on all fours with *People v. Roddy* (1974), 19 Ill.App.3d 479, 480, 311 N.E.2d 738, where we said:

> "We are, of course, well aware of our holding in *People v. Witherspoon,* 17 Ill.App.3d 842, 308 N.E.2d 844, which the State cites for the proposition that a reasonably clear and hard-to-misunderstand statement of the facts of the offense, which is acknowledged by the defendant as accurate, will provide substantial com-

pliance with Supreme Court 402(a)(1). In *Witherspoon* we reiterated our position in *Billops* [*People v. Billops*, 16 Ill.App.3d 892, 307 N.E.2d 206] by distinguishing the two cases as follows: 'In the present case [*Witherspoon*] the trial court addressed the defendant personally after the recital of the facts of the crime by the state's attorney, while in *Billops* the trial court did not.' [Citation.] In the instant case the trial court did not personally address the *defendant* with respect to the accuracy of the facts as recited by the prosecuting attorney.

Without such a personal acknowledgment by the defendant, there is no reason for not adhering to our interpretation of Supreme Court Rule 402(a)(1) as set forth in *Billops*. Accordingly, we find that the trial court failed to substantially comply with the requirements of Supreme Court Rule 402(a)(1)."

■■■ We do not believe that on appeal the court should have to search the whole record and then conjecture as to whether or not Rule 402(a)(1) has been complied with. The requirement is specific; the intent of the legislature obviously was to have the trial judge "put it on the line" so there would be no doubt. This was not done, and the appellant's conviction must be reversed and the cause remanded with directions that the appellant be permitted to plead anew. In view of this conclusion it is not necessary for us to consider appellant's contention that the court erred by failing to accept his guilty plea without telling him that it was not bound by the plea negotiations.

The judgment of the Circuit Court of St. Clair County is reversed and the cause remanded so that the appellant may be permitted to plead anew.

Reversed and remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.