THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL O. SIFERS, Defendant-Appellant.

(No. 74-110;

Fifth District—June 23, 1975.

G. MORAN, J., dissenting.

Stephen P. Hurley, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert F. A. Stocke, State's Attorney, of Louisville (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, Samuel O. Sifers, pleaded guilty to one count of burglary, one count of theft over $150 and one count of theft under $150, aggravated by a prior theft conviction, in Clay County, and was sentenced to serve three concurrent terms of from 2 to 6 years. On appeal, defendant contends that he was not properly informed of the nature of the charge against him prior to waiver of counsel, indictment, and trial; that the theft convictions were improper since they arose from the same single course of conduct as the burglary; that the imposition of a felony penalty for theft under $150 was improper because the information failed to allege that defendant previously had been convicted of theft; and that the court erred in failing to advise defendant of his right to counsel at sentencing.

■■ Defendant contends that he was not informed adequately of the nature of the charges against him as required by Supreme Court Rule 402(a)(1). (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(1).) Defendant was furnished with a copy of the information and was told that he was charged with burglary of a specific building and theft of two specific items, a truck and a pistol. The trial judge asked defendant several times if he understood the nature of the charges and he responded that he had no question about them. In fact, the record indicates that in 1966 defendant was convicted of burglary of the same premises during which he stole the same pistol taken in the instant offense. Defendant cites our

cases of *People v. Roddy*, 19 Ill.App.3d 479, 311 N.E.2d 738 (1974), and *People v. Johnson*, 19 Ill.App.3d 433, 311 N.E.2d 754 (1974). In those cases, the defendants were provided with copies of the indictments and were told the name of the charges with no details. In neither of those cases were the defendants asked if they understood the charges. The instant case, however, is more similar to *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559 (1974). There, the defendant was provided with a copy of the indictment, was told that he was charged with forgery, and was asked if he understood the charge. The supreme court held that these acts, coupled with defendant's agreement with the State's recitation of the factual basis, provided a sufficient record to determine that defendant understood the nature of the charge. We believe that the combination of the admonitions and defendant's responses in the instant case indicate substantial compliance with Rule 402(a)(1). To the extent that *Roddy* and *Johnson* conflict with the supreme court's holding in *Krantz*, we are required to and do disapprove the earlier decisions.

■|■ Defendant cites as an issue that he did not knowingly waive his rights to indictment and counsel. Defendant fails, however, to argue the point except as an adjunct to the argument pertaining to Rule 402. As noted above, we feel that the argument is without merit. The court three times informed defendant that he had a right to be represented by retained or appointed counsel and determined that defendant wished to waive counsel. We are aware, however, of *People v. Schyska*, 14 Ill. App.3d 557, 302 N.E.2d 666 (1973), wherein the court held that admonitions given in compliance with Rule 402 cannot relate back to a previous waiver of indictment or counsel to evidence compliance with Rule 401. We note first that the record indicates that defendant did understand the nature of the charges and the penalties prescribed therefor prior to his waiver of counsel. But in any event, we believe that *Schyska* must be disapproved insofar as it creates a mathematical formula for compliance with Rules 401 and 402 wherein error is committed whenever the court takes a step out of turn. It is the understanding of the proceedings as a whole that is required. Where the record indicates, taken in its entirety, that the defendant entered his plea voluntarily having knowingly waived counsel and with an understanding of the nature and consequences of the offense, this court will not reverse the judgment of conviction because some rote form was not followed or checklist marked. We believe this to be the controlling thrust of *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559 (1974).

■■ Defendant next contends that the court erred in entering judgment and sentence on the two theft convictions since they arose from a single course of conduct with the burglary and no substantial change in the

criminal objective occurred. The State agrees that one theft conviction must be reversed but contends that the remaining theft conviction can stand apart from the burglary conviction. We disagree. Defendant committed burglary by entering without authority a building housing an automobile dealership with intent to commit a theft therein. While inside the building, he committed theft under $150 by taking a pistol, and theft over $150 by taking a truck. Both thefts were part of the same course of conduct as the burglary. As such, the convictions and sentences for the thefts must be vacated. (*People v. Schlenger*, 13 Ill.2d 63, 147 N.E.2d 316 (1958); *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24 (1970); *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1 (1974); *People v. Staggs*, 12 Ill.App.3d 339, 297 N.E.2d 621 (1973).) This principle has recently been reaffirmed by our supreme court in *People v. Williams*, 60 Ill.2d 1, 322 N.E.2d 819 (1975), although we agree with the State that the numerous cases on the subject cannot be reconciled with logic and consistency.

Because of our decision that the theft convictions must be reversed, we need not consider defendant's contention that a felony penalty was improperly imposed for defendant's conviction of theft under $150.

■■ Defendant finally contends that the court erred in not advising defendant of his right to counsel at sentencing. (*People v. Miles*, 20 Ill. App.3d 131, 312 N.E.2d 648 (1974).) The State confesses that the trial court erred in this regard.

Defendant's conviction of burglary is affirmed; the convictions of theft over $150 and theft under $150 are reversed. The cause is remanded for resentencing at which defendant is to be offered the assistance of counsel.

Affirmed in part; reversed in part; cause remanded with directions.

JONES, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

The majority opinion states that the issue of whether the defendant knowingly waived his right to indictment and counsel as required by Supreme Court Rule 401(a) and Rule 401(b) is without merit, and in any event defendant's failure to argue the point constitutes waiver of any error.

I disagree with both statements. With reference to whether defendant argues the issue, the following language appears on page 3 of appellant's brief:

"THE DEFENDANT DID NOT KNOWINGLY AND UNDERSTANDINGLY WAIVE HIS RIGHTS TO COUNSEL, INDICTMENT AND TRIAL WHERE THE RECORD REVEALS THAT HE NEITHER WAS PROPERLY ADMONISHED NOR DID

HE UNDERSTAND THE NATURE OF THE CHARGES AGAINST HIM."

On page 7 of the appellant's brief the following language appears:

"Prior to sentencing, the defendant made two appearances before the circuit court. At the first appearance, on February 12, 1974, Mr. Sifers waived his rights to counsel and to indictment. At the second appearance, held three days later, the defendant went on the [*sic*] enter pleas of guilty to all of the charges against him.

Illinois Supreme Court Rules 401 and 402 state that an accused shall not be permitted to waive counsel or indictment, or to plead guilty unless the court, by addressing the defendant personally in open court, informs the defendant of and determines that the defendant understands the nature of the charge. Ill. Rev. Stats., 1973, Ch. 110A, Secs. 401(a)(1) and (b)(1), 402(a)(1). See also Ill. Rev. Stats., 1973, Ch. 38, Sec. 113—1 Procedure on Arraignment.) which states that:

'Before any person is tried for the commission of an offense he shall be called into open court, informed of the charge against him, and called upon to plead thereto * * *.' "

Illinois Supreme Court Rule 401(a) provides:

"The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge." (Ill. Rev. Stat., 1974 Supp., ch. 110, par. 401(a).)

In *People v. Alexander*, 23 Ill.App.3d 486, 319 N.E.2d 591, the same issue presented to this court was decided. In *Alexander* the defendant was charged with robbery. The defendant received a copy of the information and arraignment followed on the same day. At the arraignment the trial court said the charge is "robbery"; nothing further was said as to the nature of the charge. The minimum and maximum sentences applicable and the right to counsel were explained to the defendant. The defendant then waived his right to counsel and indictment. The defendant argued on these facts that the colloquy was insufficient to inform him of the nature of the charge. The court agreed. It said:

"[W]here defendant is not advised of the nature of the charge, before waiver of indictment, defendant is entitled to withdraw his plea * * *." 23 Ill.App.3d 486, 488.

The explanation of the nature of the charge must precede the waiver of counsel and indictment and whether the entire record later illustrates

that the defendant may have understood the charge is immaterial. (*People v. Schyska,* 14 Ill.App.3d 557, 302 N.E.2d 666.) In *Schyska* the court framed the issue whether the admonition and advice given following the waiver of indictment and preliminary to the acceptance of the plea complies with Rule 401. The court held that it did not. (*People v. Casley,* 20 Ill.App.3d 1001, 313 N.E.2d 477.) The *Alexander* court reiterated this principle when it said:

> "While we feel that as to admonitions generally under Supreme Court Rules 401 and 402, the admonitions at any time during the course of proceedings should constitute a substantial compliance, the provisions of Rule 401 which require that the nature of the charge be explained by the trial court, before acceptance of a waiver of indictment, appears to be peculiarly appropriate in this case where defendant had no attorney at any time during the proceedings." 23 Ill.App.3d 486, 488.

The *Alexander* court's holding that the explanation of the nature of the charge must precede the waiver of indictment or right to counsel precludes an argument based on *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559, that the entire record is available to show substantial compliance with Rule 401 or 402. Furthermore, it should be noted that *Krantz* applied only to Rule 402.

The question remains as to the sufficiency of the explanation of the nature of the charge. For admonishments to be sufficient, they must be such that an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule. *People v. Gray,* 102 Ill.App.2d 129, 243 N.E.2d 545.

In the instant case the defendant was given a copy of the information at the arraignment and the charge was referred to by name. The trial court neither read the whole indictment, specifically it did not read that portion which set forth the intent requirement, nor did the court read the relevant section of the Criminal Code. This court has decided that reference to the charge by name and handing the defendant a copy of the information is not sufficient. *People v. Ingeneri,* 7 Ill.App.3d 809, 288 N.E.2d 550.

I would also reverse because the record does not show that defendant's guilty plea was voluntary. (*Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709.) In *People v. Reeves,* 50 Ill.2d 28, our supreme court said at pages 29-30:

> "The constitutional requirement, both *pre* and *post Boykin,* is that a plea of guilty be 'intelligent and voluntary.' *Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review 'the record must affirmatively disclose that the

defendant who pleads guilty enters his plea understandingly and voluntarily.' [Citation.] This requirement has been in effect in Illinois since 1948. See former Rule No. 27A, 400 Ill. 22."