THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OTHA D. BROWN, Defendant-Appellant.

Third District   No. 75-4

Opinion filed April 14, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Richard R. Wilder, State's Attorney, of Morris (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

On the 23rd day of October, 1974, defendant, Otha Brown, pleaded guilty to the offenses of forgery and escape. He received concurrent sentences on each offense in the circuit court of Grundy County. On this appeal defendant argues: first, the indictment fails to state an offense and is consequently void because the indictment fails to designate the payee

in the check which is the basis of the charge; second, the judgment of conviction on the escape charge should be vacated because the trial court failed to admonish the defendant of the minimum and maximum sentence which might be imposed for the offense prior to the court's acceptance of his waiver of indictment.

■■ With respect to the foregoing charge and the failure to name the payee of the check in the indictment the record reveals that defendant made no such claim in the trial court either before or after judgment but has raised this question for the first time on appeal. This precise question has recently been considered and ruled upon by the Illinois Supreme Court in *People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456, and it is now settled that the failure of the indictment to name a payee on a check does not in and of itself render the judgment based thereon void and subject to attack for the first time on appeal. Accordingly, we find no reversible error in the judgment of the circuit court on the forgery conviction.

■■ With respect to defendant's claim the trial court failed to advise him of the minimum and maximum sentence for the crime charged before accepting his waiver of indictment as provided in Supreme Court Rule 401(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 401(b)), we likewise hold the trial court committed no reversible error in this regard.

Defendant urges that we follow the decisions in *People v. Schyska*, 14 Ill. App. 3d 557, 302 N.E.2d 666, and *People v. Casley*, 20 Ill. App. 3d 1001, 313 N.E.2d 477 rather than the more recent case of *People v. Roberts*, 27 Ill. App. 3d 489, 326 N.E.2d 116 (petition for leave to appeal denied September 25, 1975). However, we adhere to our opinion in the *Roberts* case since it appears to represent the recent trend of Illinois Supreme Court decisions ameliorating the rigidity of Supreme Court Rules 401 and 402 (Ill. Rev. Stat. 1973, ch. 110A, pars. 401 and 402).

For the foregoing reasons the judgments of the circuit court of Grundy County are affirmed.

Judgments affirmed.

ALLOY and STENGEL, JJ., concur.