2 Ill. App.3d 955 (1971)
275 N.E.2d 691
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
RICHARD LE ROY MYLES, Defendant-Appellant.
No. 71-21.
Illinois Appellate Court  Third District.
November 22, 1971.
Rehearing denied December 15, 1971.
*956 John L. Barton, of Defender Project, of Ottawa, for appellant.
F. Stewart Merdian, Assistant State's Attorney, of Rock Island, for the People.
Affirmed in part and reversed in part.
Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Defendant Richard LeRoy Myles, following a jury trial in the Rock Island County Circuit Court, was found guilty of burglary and theft occurring on December 3, 1969. Defendant Myles was thereafter sentenced to a term of five to fifteen years for burglary and from one to three years for theft. The sentences were designated to run concurrently
The record shows that on Christmas Day, 1969, while police were investigating a tavern burglary, the officers found the back door of the tavern ajar and there found defendant Myles in his Thunderbird automobile directly behind the tavern. They arrested defendant and immediately removed from his automobile burglary tools, whiskey, cigarets, and change. The whiskey, cigarets and change met the description of items presumably taken from the tavern. Defendant was taken into custody and placed in jail and his automobile was taken to the police parking lot.
On the following morning, December 26, 1969, a police detective, who had just reported for duty, examined the outside of the trunk of the automobile and found the trunk lid approximately 2 inches ajar although it was still locked. It was so situated that the detective could view articles inside the trunk through the opening between the trunk and the remainder of the automobile. The officer then obtained a search warrant on a complaint which specified that defendant was unlawfully in possession of "burglary tools, whiskey, cigarets, and change * * *" taken in a burglary at the tavern. The warrant was issued at 11:15 A.M. and at *957 approximately 1:00 P.M., the detective pried open the trunk and removed, among other items, burglary tools, old coins, and an adding machine. The adding machine bore no outward identification, but when another officer recalled that such a machine had been reported as taken in a December 3 theft, the searching officer had the machine dismantled and thereby obtained the serial number. He was able through the manufacturer to link the machine to one which was reported stolen on December 3. Defendant was then indicted for the December 3 burglary and theft. After the trial, in the instant case, in which there was testimony showing that the adding machine and old coins were in possession of defendant and that the adding machine and old coins were taken from the premises burglarized on December 3, defendant was convicted.
On appeal in this Court, defendant Myles asserts that items admitted into evidence of the items which were seized, i.e., the adding machine and the old coins, which linked him circumstantially to the crime committed on December 3, should have been suppressed in accordance with his pretrial motion, because they were obtained as a result of a search and seizure that was improper since the items seized were not specifically described in the search warrant. He also contends that the only incriminating evidence in the case was circumstantial and that, therefore, the evidence was insufficient to support a finding that he was guilty of the crime beyond a reasonable doubt. Appellant also contends that the crime of theft arose from the same conduct or transaction as the crime of burglary and that, therefore, the court was in error in entering two separate judgments and sentencing him separately for each crime.
 1 Since the State concurs as to the question of the separate sentences and judgments it is unnecessary that we discuss this issue in detail. We have had the same problem before us in a number of cases and it is obvious that the two offenses of burglary and theft of the premises on December 3 resulted from the same conduct and, therefore, should not have involved two convictions and two sentences. As we have indicated in previous cases, following the precedent of Illinois Revised Statutes 1969, ch. 38 par. 1-7(m) to the effect that if the offenses resulted from the same conduct or transaction defendant could not be sentenced on both charges either concurrently or consecutively. In People v. Stevenson, 107 Ill. App.2d 441, 246 N.E.2d 309, defendant was also convicted of theft and burglary and the court imposed separate sentences for each offense. Since the two offenses arose, as did the offenses in the case before us, from the same conduct and transaction, the reviewing court reversed the conviction for the lesser offense. Burglary, being the more serious offense, is the one upon which the conviction and sentence should stand and the conviction and sentence for theft should be reversed.
*958 The issue of major concern in the cause before us involves a consideration as to whether the motion to suppress the evidence seized pursuant to the warrant was improperly denied. It is obvious from the record that the police had reasonable grounds to believe that defendant had probably committed an offense at the time they arrested him. Obviously, the arrest was valid. We have previously considered an appeal in the case involving the burglary on Christmas Day and such conviction was affirmed (People v. Myles (Ill. App.2d), 271 N.E.2d 62.) Since a period of more than 14 hours intervened between the arrest and the search of the automobile pursuant to warrant, it is apparent that we have under consideration, not the question of property seized as an incident to arrest, but whether the seizure was lawful pursuant to the search warrant which was issued in this case.
 2 The search warrant was properly issued upon a complaint showing probable cause. It particularly described the objects to be searched for and seized. There is nothing in the warrant or in the procedure for obtaining the warrant, or in the procedure by the police, which indicated that the search was general and exploratory or in any manner inconsistent with the apparent objective of seizing all property involved in the burglary then under investigation.
 3, 4 The basic issue is whether the defendant was entitled to have the adding machine and the old coins suppressed as evidence because they wre not specifically described in the warrant. The motion to suppress is based upon Illinois Revised Statutes 1969, ch. 38 par. 114-12(a) where it is provided that a defendant may move the court for return of property and to suppress as evidence anything obtained where the evidence seized is not that described in the warrant. The burden of proving that the search and seizure were unlawful is placed upon the defendant (Section 114-12(b).) There is nothing in the statute itself which requires that the evidence seized be related to the offense in connection with which the warrant was issued. We believe that the words "burglary tools" and "change" constituted a sufficiently accurate description of the burglary tools actually taken and of the old coins. The description was adequate as to these items. There was nothing in the warrant, however, which described the adding machine.
We, therefore, have two categories for consideration, (1) assuming "change" as describing the coins seized, the seizure of certain described property as directed in the search warrant, which property is later found to be fruits of a prior crime, and (2) evidence which was not particularly described in the search warrant but later found to be fruits of a prior crime. In the first category would be the old coins and in the second category, *959 the adding machine. The issue is whether or not the property must be specifically described in the search warrant, and, also, whether property not described in the search warrant but validly obtained as a result of a valid search warrant is required to be suppressed. Precedents in the Supreme Court and other Federal Courts as well as in the State of Illinois indicate that the motion to suppress was properly denied irrespective of the category in which we place the evidence under consideration.
 5 A recent case which gave considerable attention to this issue is Gurleski v. U.S., 405 Fed.2d 253. In that case the United States Circuit Court of Appeals had before it a case in which (during a search under a valid search warrant) items not described in the warrant were discovered and later were presented in evidence as against defendant on another charge. The warrant in that case specified certain enumerated items, but the items which were seized and under consideration were not specifically listed in the warrant. It was indicated in the Gurleski case, as in many other cases, that the Fourth Amendment of the United States Constitution prohibits unreasonable search and seizure. The same protection is afforded under the various state constitutions including that of the State of Illinois. Warrants for search are issued only upon probable cause and are required to particularly describe the place to be searched and the persons or things to be seized.
It was said in Marron v. United States, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231, that where the warrant describes an article to be seized, nothing is left to the discretion of the officer executing the warrant. Later cases pointed out that if this broad language were rigidly applied in every case, it is obvious that there could never be a valid seizure of anything not described in the search warrant. In Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399, the court permitted the introduction of evidence not described in the warrant but seized in searches of the type involved in the case before us. In the Harris case, the defendant was convicted of unlawful possession, concealment and alteration of Selective Service documents. The FBI had a warrant to arrest defendant in that case for a mail fraud violation and, in the process of a search incident to that arrest, discovered the incriminating Selective Service documents relating to an entirely different offense. The conviction was upheld by the U.S. Supreme Court. The court stated that the search was not a general exploration but was specifically directed to a search for the means and instrumentalities by which the crime charged had been committed. The agents acted in good faith and did nothing inconsistent with their declared purpose. As noted by the U.S. Supreme Court in Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782, the search must be one *960 directed in good faith toward the object specified in the warrant and must not be a general exploratory search through which the officers merely hope to discover evidence of some wrongdoing.
In Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668, where a search was made incident to an administrative arrest prior to deportation and resulted in the discovery of objects leading to conviction for espionage, the court specifically found that there was no logical or constitutional reason, in absence of any showing of unreasonableness, why the fruits of such discovery should not be admissible evidence. Justice Frankfurter in that case said specifically, "When an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search, it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for."
The courts have departed from the strict Marron doctrine as shown by both Harris and Abel and have permitted the introduction in evidence of articles found in the course of a lawful search which were not in fact described in the warrant. In United States v. Eisner, 297 Fed.2d 595, 597, the defendant was convicted of receiving and concealing stolen fur garments. In that case the warrant described certain furs which were not found in defendant's automobile but other furs were in fact seized. The court upheld the search and seizure, and stated that "probable cause to search the automobile existed, regardless of what the search developed." In Seymour v. United States, 369 Fed.2d 825, 827, the court recognized the strong sanctions of the Fourth Amendment, but specifically stated that notwithstanding the constitutional prohibition, the courts have apparently recognized the exception to the requirements of specific description in the search warrant. The court indicated that the exception is dictated by the practicalities of a particular situation where in the course of a lawful search pursuant to a lawful arrest, or the execution of a valid search warrant, the officer uncovers evidence of another crime.
In our own State, in People v. Robinson, 40 Ill.2d 453, 240 N.E.2d 630, the Illinois Supreme Court specifically upheld the denial by a trial court of a motion to suppress, where the search was made of defendant's automobile for the purpose of finding a weapon used by defendant in threatening another and such search led to the discovery of a check taken in a robbery, for which the defendant was later prosecuted. The court determined that the search was reasonable and was not unlawfully exploratory. The search did in fact produce a check which linked defendant to an offense other than the one under investigation. The Illinois Supreme Court in that case quoted with approval the statement of Justice Frankfurter in the Abel case (set forth above) to the effect that when an article *961 subject to lawful seizure properly comes into the officer's possession in the course of a lawful search, it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for.
 6 It was apparent, therefore, that motion to suppress was properly denied. The search in the instant case was a reasonable one and not exploratory in nature. While the adding machine was not described in the warrant, it is obvious that once it had been discovered by the officer and taken to the station, the officer would have been derelict in his duties if he did not make an effort to ascertain whether the particular item had been taken in a prior burglary and theft, when one of the officers reported that an adding machine had been taken in such prior burglary and theft (People v. Moore, 35 Ill.2d 399, 220 N.E.2d 443). The same may be said for the coins taken in the search. We note, in passing, that even if the adding machine had been suppressed there was sufficient evidence to convict defendant of the burglary and theft based on the coins which were taken under the warrant.
 7, 8 It is contended also by defendant that the evidence of recent unexplained possession did not exclude every reasonable theory of innocence of burglary. It is true that the evidence was entirely circumstantial. Defendant was found to be in possession of property taken during a recent burglary. The jury was properly instructed in defining circumstantial evidence. Proof of the crime of burglary may rest entirely on circumstantial evidence (People v. Marino, 95 Ill. App.2d 369, 238 N.E.2d 245). Since the jury verdict is not contrary to the weight of the evidence or so unsatisfactory as to cause a reasonable doubt of guilt, we would not be justified in reversing on the basis of the weight of evidence or on the theory advanced by defendant. The conviction of defendant was predicated on the strong inference of guilt from possession of recently stolen property.
For the reasons stated in this opinion, the judgment and sentence as to defendant for the crime of burglary is affirmed but the judgment and sentence for theft is reversed.
Affirmed in part and reversed in part.
STOUDER and DIXON, JJ., concur.