THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TIMOTHY B. HESTER, Defendant-Appellee.

(No. 73-290;

Third District—September 19, 1974.

Charles D. Sheedy, Jr., of Model District State's Attorneys Office, of Elgin, for appellant.

Dennis K. Cashman, of Quincy, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The People of the State of Illinois under the authority of Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)) appeal from that portion of the order of the circuit court of McDonough County granting in part defendant's, Timothy Hester's, motion to suppress evidence.

The only issue presented by the appellant on review is whether the trial court erred in suppressing certain items of evidence that were not specifically listed in the search warrant. Defendant-appellee raises the related issue as to whether the trial court erred in not suppressing more items.

On March 15, 1973, security police at Western Illinois University received a call to the effect that there was a bomb on the 15th floor of Thompson Hall. The campus police officers proceeded to the dormitory and began to search the rooms on the 15th floor including room 1515 which was registered to defendant. The director of public safety for the University testified he personally saw lying on a desk in room 1515 about thirty grams of marijuana along with two pipes which he concluded were hash pipes. The officers did not seize these articles at that time. They searched the room for a bomb and then sealed the room. Later that evening the officers applied for a search warrant to search both room 1515 and the person of defendant for marijuana and hash pipes. The search warrant authorized "* * * the person of Tim Hester and Room 1515 Thompson Hall Western Illinois University, Macomb, Illinois be searched and * * * evidence of, the offense of unlawful possession of cannabis be seized therefrom: marijuana (cannabis), hash pipes." The officers returned and searched the entire room. While searching the room the officers also seized other items which they considered to be contraband. Upon motion by defendant to suppress, the lower court suppressed all items which did not constitute either

marijuana or hash pipes. The items excluded included a pint bottle containing unidentified fluid, a notebook, a plastic card file box with address cards, a pocket knife and a dial-o-gram scale.

There are two main issues on appeal. The first is whether the police officers were limited to seizing the cannabis and hash pipes which served as the basis for the issuance of the warrant, *i.e.*, that which was observed on the desk by the security officer. The second issue is whether the police were necessarily limited to seizing items mentioned in the warrant, *i.e.*, marijuana and hash pipes.

■■ We shall first discuss defendant's contention on appeal that the officers were limited to taking the cannabis and hash pipes on the desk. The trial court in its order to suppress evidence implicitly recognized the officers were not so limited as contended by defendant. The legal issue here is whether the search warrant which was based upon the personal knowledge of the director of public safety for the University so limited the officers to seizing the items which they knew were present on the desk. The contention may be worded thusly: Once the cannabis and hash pipes on the desk were seized the officers' authority was terminated and any further search would constitute an exploratory search which would be contrary to both the Illinois and the Federal constitutional protections against unreasonable searches and seizures. The contention in the present case must be rejected for the search warrant was issued on the basis that there was probable cause to believe that both the room and person of defendant, Timothy Hester, contained marijuana and hash pipes. The fact that hash pipes and marijuana were observed on the desk would not limit the officers to seizing merely those items. This observation in itself could constitute probable cause for believing other similar items were located elsewhere on the person and in the room of defendant.

■■ The second issue dealing with whether officers are necessarily limited to seizing items specifically mentioned in the search warrant has been dealt with in many cases both at the United States Supreme Court and Illinois level. The general rule was enunciated in *Abel v. United States*, 362 U.S. 217, 238, 4 L.Ed.2d 668, 686, 80 S.Ct. 683, where the Court stated, "When an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for." This particular quotation was cited in *People v. Myles*, 2 Ill.App.3d 955, 275 N.E.2d 691. The same rule was stated in somewhat different fashion in *Warden v. Hayden*, 387 U.S. 294, 18 L.Ed.2d 782, 87 S.Ct. 1642, where the Court held that the search must be one directed in good faith toward the

objects specified in the warrant and must not be a general exploratory search through which the officers merely hope to discover evidence of wrongdoing.

In the present case the trial court suppressed evidence on the grounds the evidence was not specifically described in the search warrant. As mentioned earlier it did allow the admission of evidence other than that which was on the desk as observed earlier by the police officer. In accordance with the above stated rules the order of the circuit court suppressing all items other than those originally observed by the police officer must be reversed. The search warrant in this case authorized the police officers to search the room and person of Timothy Hester for marijuana and hash pipes. The warrant did not limit the officers to seizing the evidence which had been observed on the desk. The observation of the marijuana and hash pipes on the desk constituted probable cause for finding more of such evidence in the room and on the person of defendant. Although this court reverses the order of the circuit court it should be mentioned that there is some question as to the particular relevance of some of the items seized by the police officers.

For the foregoing reasons, the order of the circuit court of McDonough County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

ALLOY and DIXON, JJ., concur.