THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED H. JOHNSON, Defendant-Appellant.

(No. 12491;

Fourth District—November 21, 1974.

*Rehearing denied March 17, 1975.*

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (Kai A. Wallis, of Statewide Appellate Service, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Fred H. Johnson, appeals from convictions for the offenses of theft under $150 and burglary and from a sentence imposed of 3 to 9 years imprisonment. Defendant raises the following issues for resolution by this court: (1) Whether both offenses arise from the same conduct or transaction, and (2) Whether defendant's sentence is excessive.

On July 16, 1973, defendant was indicted for burglary and theft. A jury trial was held on October 23, 1973. The evidence adduced at the trial established that defendant entered a Georgetown, Illinois, residence and stole various items from said residence. The jury returned verdicts finding defendant guilty of the burglary and the theft. The trial court proceeded to enter judgments of conviction on both verdicts. On November 7, 1973, a sentencing hearing was held, and defendant received a 3- to 9-year term of imprisonment, sentence being imposed on only the burglary judgment.

■■ Defendant contends and the State concedes that defendant's conviction for theft under $150 should be reversed. Although the trial court properly imposed only one sentence, he erred in entering judgments upon both jury verdicts. Both offenses here clearly arose from the same conduct or transaction and were not independently motivated. (See *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679; *People v. Long*, 12 Ill.App.3d 974, 298 N.E.2d 784.) The conviction then for the lesser crime, here theft under $150, should be reversed since the conviction for the greater crime of burglary is valid. See *People v. Leggett*, 2 Ill.App.3d 962, 275 N.E.2d 651.

■■■ Defendant also contends that the sentence imposed of 3 to 9 years imprisonment for the burglary is excessive. We do not agree. It is well established that our power to modify sentences should be used with caution, and that the sentence imposed by the trial court will ordinarily not be disturbed on appeal. The trial judge who presides over the trial and hears the evidence in aggravation and mitigation is clearly in a better position to make a sound determination in regard to sentencing than is this court. (*People v. Caldwell*, 39 Ill.2d 346, 236 N.E.2d 706; *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) We note that the sentence imposed here is within statutory limits. We further note that this was the fifth burglary conviction for this 33-year-old defendant within the last 14 years, and that defendant was on parole when the present offense was committed. The trial court clearly did not abuse its discretion in imposing sentence.

Accordingly, for the reasons stated above the judgment of conviction upon the charge of theft under $150 is hereby reversed. The judgment and sentence imposed for the offense of burglary are hereby affirmed, and the cause is remanded to the circuit court of Vermilion county for issuance of an amended mittimus.

Affirmed in part, reversed in part, and remanded with directions.

SMITH, P. J., and TRAPP, J., concur.