THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HOWARD WILSON, Defendant-Appellant.

(No. 12647; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

Fourth District—April 3, 1975.

John F. McNichols and Bruce Stratton, both of State Appellate Defender's Office, of Springfield, for the appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield, (Hugh H. Rowden, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Howard Wilson, appeals from judgments entered following a jury trial for the offenses of burglary and theft and from a sentence imposed of 1 to 10 years' imprisonment. Defendant raises the following issues for resolution by this court: (1) Whether the burglary indictment is void for failure to allege ownership of the burglarized premises, and (2) Whether the trial court erred in entering judgment on both the theft and burglary convictions.

■■ Defendant's indictment for the offense of burglary stated:
"* * * Howard Wilson committed the offense of BURGLARY in that * * * [he] * * * did without authority, knowingly enter a building of Roberts Brothers, a partnership, d/b/a Roberts Brothers Clothing Store, located at 523 East Washington, Springfield, Illinois, with the intent to commit a theft therein * * *."
Defendant contends that the indictment was fatally defective for failure to allege ownership of the burglarized premises, and cites *People ex rel. Ledford v. Brantley*, 46 Ill.2d 419, 263 N.E.2d 27, in this regard. That opinion, however, has been recently overruled by the supreme court in *People v. Gregory*, 59 Ill.2d 111, 319 N.E.2d 483. The indictment in *Gregory* stated:

" 'The Grand Jury charges that MARK GREGORY, between the hours of 12 midnight and 2 a.m. on the 6th day of April, 1969, at 1302 S. Main St., in the town of Normal, in the county of McLean and State of Illinois, committed the offense of BURGLARY, in that defendant without authority entered into a building at 1302 S. Main St., Normal, Illinois, known as the Beauty Corner, with intent therein to commit a theft, in violation of Section 19—1, Chapter 38, Illinois Revised Statutes.' " (59 Ill.2d 111, 112-13.)

The court sustained the validity of the indictment and held that an allegation of ownership of the burglarized building is no longer required in a burglary indictment. The court went on to state that the allegations there were sufficient to inform defendant of the crime with which he is charged, to enable him to adequately prepare a defense, and to protect him from double jeopardy.

■■ We note that the instant indictment is even more specific in regard to ownership than was the indictment in *Gregory*. The indictment here does allege that defendant knowingly entered "a building of Roberts Brothers, a partnership, d/b/a Roberts Brothers Clothing Store, located at 523 E. Washington, Springfield, Illinois." The indictment further charges the commission of the elements of the crime of burglary (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(a)). These allegations were sufficient to inform defendant of the crime with which he was charged, to enable him to prepare a defense, and to protect him from double jeopardy. Defendant's argument that the indictment was fatally defective is then without merit.

We further note that the trial court entered judgments on both the burglary and theft over $150 convictions. The record indicates that both convictions arose out of the same transaction or course of conduct. It is well established that in such a situation the conviction for the lesser offense should be reversed. (*People v. Myles*, 2 Ill.App.3d 955, 275 N.E.

2d 691.) The State concedes that if the burglary conviction here is affirmed, the theft conviction should be reversed.

■■ Accordingly, for the reasons stated above, the judgment of the circuit court of Sangamon County finding defendant guilty of burglary is affirmed, but the judgment for theft is reversed, and the cause is remanded to the circuit court with directions to enter an amended mittimus.

Affirmed in part, reversed in part.

CRAVEN and GREEN, JJ., concur.