THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES TRAVELSTEAD, Defendant-Appellant.

Fifth District No. 74-442

Opinion filed February 26, 1976.

Stephen P. Hurley and Thomas H. Sullivan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Thomas H. Sutton, State's Attorney, of Carmi (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, James Travelstead, was convicted in a bench trial of one burglary, in violation of section 19—1(a) of the Criminal Code (Ill. Rev. Stat., ch. 38, §19—1(a)), and two thefts in violation of sections 16—1 (a) and 16—1(d), respectively, of the Criminal Code (Ill. Rev. Stat., ch. 38, §16—1(a) and (d)). Defendant was sentenced to three concurrent

terms of imprisonment of one to five years. From the convictions and sentences defendant appeals and raises two issues: (1) whether the court erred by entering a separate judgment of conviction and sentence on one of the theft offenses, when the property which was the subject of that theft was the same property as that involved in the burglary; and (2) whether the court abused its discretion in denying the defendant's petition for probation.

Each offense involved herein was charged by separate indictment; however, the cases were consolidated for trial and have been consolidated for appeal. One of the theft offenses (No. 73-CF-31) involved the obtaining of unauthorized control over certain property of the Howell Asphalt Co. The first issue raised does not concern that offense, and we need not discuss it here.

The burglary offense (No. 73-CF-45) and the second theft offense (No. 73-CF-28) are the subject of the first issue raised on this appeal. In light of the State's Attorney's motion to supplement the record on appeal, which we have taken with the case, and which we hereby allow, we need only briefly discuss the facts of these two offenses.

On February 6, 1973, the home of Everett and Grace Spencer in or near Carmi, Illinois was burglarized by Phillip Newman and William E. South, Jr. Various items of property were taken. On February 12, 1973, the Spencer home was burglarized by Newman, South, and defendant. Again several items of property were taken. It is undisputed that a washer and a dryer were taken in this second burglary. The evidence is conflicting, however, with respect to whether a chain saw belonging to the Spencers was taken in the second burglary or in the first burglary. The significance of the conflict is that the theft of which defendant is charged in cause No. 73-CF-28 involves the reception of three specific items of stolen property, namely, the washer, the dryer, and the chain saw.

At trial William E. South, Jr., after having been given immunity, testified that the washer and dryer were taken in the second burglary, but the chain saw was taken in the first burglary. Also at trial Vertis Spencer, the son of Everett and Grace Spencer, testified that he had examined the Spencer home on the day after each of the two burglaries and that the washer and dryer, and the chain saw were taken in the second burglary.

Sheriff Roy Poshard also testified at the trial. During his testimony he stated that he had made a written report on February 6, 1973, concerning the first burglary of the Spencer home. In this report he listed the items of property which Vertis Spencer told him had been stolen in the first burglary. Sheriff Poshard also stated that he made a written report following the second burglary, similarly listing the items which Vertis

Spencer told him had been stolen in the second burglary. Sheriff Poshard identified People's Exhibits 1 and 2 as these two reports.

After People's Exhibits 1 and 2 had been identified by Sheriff Poshard, the State's Attorney sought to have them admitted into evidence. Defense counsel objected to their admission, and the court reversed its ruling on their admissibility until further testimony could be heard. The record does not disclose whether a ruling was ever made, and we can only assume that the Exhibits were never admitted.

Be that as it may, the State's Attorney has brought Exhibits 1 and 2 to our attention via the above-mentioned motion. These exhibits show that, according to the statement of Vertis Spencer made immediately after each burglary was discovered, the washer, the dryer, and the chain saw were all taken in the second burglary, that is, the burglary in which defendant participated. In light of the above-mentioned motion and counsel's explanation of this motion during oral argument, we understand the State to be conceding that the property involved in cause number 73-CF-45 and cause number 73-CF-28 is one and the same. This concession is made despite South's trial testimony to the contrary with respect to the chain saw.

■■ Having conceded that the property involved in the two offenses is the same, the State nevertheless argues that two separate convictions and sentences for the burglary and theft were appropriate. We cannot agree. When a burglary and a theft arise out of the same act or the same conduct, without independent motivation for the theft, a judgment of conviction and sentence can only be entered on the burglary offense, it being the more serious of the two offenses. (Ill. Rev. Stat., ch. 38, §§16—1(e) and 19—1(b); *People v. Williams*, 60 Ill. 2d 1, 322 N.E.2d 819; *People v. Johnson*, 25 Ill. App. 3d 976, 323 N.E.2d 777; *People v. Wilson*, 26 Ill. App. 3d 1071, 325 N.E.2d 677; *People v. Sifers*, 29 Ill. App. 3d 428, 331 N.E.2d 589; see *People v. Squires*, 27 Ill. 2d 518, 190 N.E.2d 361, *cert. denied*, 375 U.S. 978, 11 L. Ed. 2d 422, 84 S. Ct. 498; *People v. Staggs*, 12 Ill. App. 3d 339, 297 N.E.2d 621.) The application of this rule cannot be avoided by bringing the theft charge under the "theft by reception" portion of the statute (Ill. Rev. Stat., ch. 38, §16—1(d)).

■■ The second issue raised on this appeal is whether the trial court abused its discretion in denying defendant's application for probation. The question of granting probation is within the discretion of the trial court (*People ex rel. Ward v. Moran*, 54 Ill. 2d 552, 301 N.E.2d 300; *People v. Bolyard*, 61 Ill. 2d 583, 338 N.E.2d 168); and when confronted with a denial of an application for probation, a reviewing court is limited to a determination of whether the trial court in fact exercised its dis-

cretion or whether it abused its discretion by acting in an arbitrary manner. *People v. Saiken*, 49 Ill. 2d 504, 275 N.E.2d 381, *cert. denied*, 405 U.S. 1066, 13 L. Ed. 2d 796, 92 S. Ct. 1499; *People v. Bolyard*.

■■ The record shows that the trial court considered the circumstances of the instant offenses, the history and health of the defendant as shown in the presentence report and argument of counsel, and the need for correctional treatment of the defendant. The trial court continued the sentencing hearing for 17 days to adequately consider the effect that defendant's poor health should have on the disposition of the case. The record discloses that the court in addition to considering probation also gave proper consideration to a term of periodic imprisonment and conditional discharge as alternative dispositions of the case. We find neither an abuse of discretion nor an exercise of discretion in an arbitrary manner in the court's sentencing of defendant.

For the foregoing reasons the judgment in cause number 73-CF-28 is reversed and the judgments in cause number 73-CF-31 and cause number 73-CF-45 are affirmed.

Affirmed in part; reversed in part.

KARNS, P. J., and EBERSPACHER, J., concur.